UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MB RENTAL PROPERTIES, INC.,

    Plaintiff,

v.                                                  CASE NO: 8:11-cv-459-T-23TBM

PACIFIC INSURANCE COMPANY, LTD.,
and COMMERCIAL INSURANCE
SOLUTIONS, INC.,

    Defendants.

_____/

**ORDER**

    The plaintiff sued (Doc. 2) the defendant Pacific Insurance Company, Ltd., ("Pacific Insurance") in state court and alleged breach of an insurance policy. Pacific Insurance removed (Doc. 1) and alleged diversity jurisdiction under 28 U.S.C. § 1332. The plaintiff is a Florida corporation with a principal place of business in Los Angeles County, California, and Pacific Insurance is a Connecticut corporation with a principal place of business in Hartford County, Connecticut. The complaint alleged that Pacific Insurance paid the insured over $1.5 million in benefits but failed to notify the insured's mortgagee, the alleged "loss payee" under the applicable insurance policy. The plaintiff based the claim on a certificate of insurance that identifies the plaintiff's predecessor-in-interest as a "loss payee" on the insurance policy. Upon removal, Pacific Insurance moved (Doc. 6) to dismiss.

    After receiving Pacific Insurance's motion to dismiss (which attaches a copy of the policy), the plaintiff noticed a discrepancy between the policy and the certificate, which

Commercial Insurance issued. Under Rule 15(a)(1)(B), Federal Rules of Civil Procedure, ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f) . . . .") and within the permissive period for amendments, the plaintiff filed an amended complaint (Doc. 7). The amended complaint alleges a claim against Commercial Insurance and an amended claim against Pacific Insurance (i.e., a claim for reformation instead of breach of contract). Commercial Insurance is a Florida corporation. Accordingly, because Commercial Insurance destroys diversity, the plaintiff moves (Doc. 9) to remand. Pacific Insurance responds (Doc. 12) in opposition and moves (Doc. 12) to "deny joinder and drop [the] non-diverse party".

In opposing remand, Pacific Insurance relies primarily on 28 U.S.C. § 1447(e), which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Mehta v. New York Life Ins. Co., 2009 WL 2252270, *2-*3 (M.D. Fla. 2009) (Covington, J.) (citing Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998)). Determining whether to permit joinder under Section 1447(e) requires an evaluation of (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether the plaintiff has been dilatory in asking for the amendment," (3) "whether the plaintiff will be significantly injured if the amendment is not allowed," and (4) "any other factors bearing on the equities." 2009 WL 2252270 at *3.

Section 1447(e) is arguably inapplicable because a permissive amendment, effective unilaterally as a matter of right (a "matter of course," as Rule 15 states) and without leave of court, only awkwardly qualifies as an act by which the plaintiff "seeks to join" an additional defendant.  Similar to Section 1447(e) is the concept of "fraudulent joinder," which provides an exception to the requirement of complete diversity.  A claim of "fraudulent joinder" requires the removing defendant to show "by clear and convincing evidence" that "'there is no possibility that the plaintiff can prove a cause of action against the resident defendant.'"  Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1376 (M.D. Fla. 2009) (Corrigan, J.); Stone v. Zimmer, Inc., 2009 WL 1809990, *2 (S.D. Fla. 2009) (Hurley, J.) (explaining that "fraudulent joinder" applies (1) if "there is no possibility that the plaintiff can prove a cause of action against the resident (non[-]diverse) defendant"; (2) if "there is outright fraud in the plaintiff's pleading of jurisdictional facts"; and (3) if "a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.").  However, like Section 1447(e), "fraudulent joinder" is arguably inapplicable to the "post-removal addition of resident defendants."  See Graham v. Medtronic, Inc., 2006 WL 4764431, *3 (M.D. Fla. 2006) (Fawsett, J.) (explaining that "[a]lthough the Eleventh Circuit has not specifically stated that the doctrine of fraudulent joinder does not apply in the [post-removal addition of resident defendants], it has traditionally been hesitant to find fraudulent joinder in any situation.").

- 3 -

Nonetheless, whether analyzed under Section 1447(e) or as a "fraudulent joinder," in this instance (1) the plaintiff appears to possess a cognizable claim against Commercial Insurance; (2) the claim against Commercial Insurance possesses a discernable connection to the claim against Pacific Insurance; and (3) the plaintiff amended promptly, as a matter of right, upon discovering the possible claim against Commercial Insurance.

Accordingly, the motion (Doc. 9) for remand is **GRANTED**. Under 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court for Hillsborough County, Florida. The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on May 13, 2011.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE